CYRUS CARPENTER & others vs. MARIANNA PAGE.

Suffolk. March 4. — 24, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A promissory note, given by a widow in payment of her deceased husband's debt, and received as such, at her request, by his creditor, who receipts his bill against the husband's estate, upon which no administration has been granted, is founded upon a sufficient consideration.

CONTRACT upon a promissory note for $184.50, dated November 20, 1882, payable in two years from date to the order of the plaintiffs, and signed by the defendant. Writ dated April 14, 1886. Answer, a general denial. Trial in the Superior Court, without a jury, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiffs proved the note, and rested their case. It appeared, by undisputed evidence, that, in 1877, Taylor Page, the husband of the defendant, was indebted to the plaintiffs in the sum of $184.50, for merchandise sold and delivered to him; that he died in July, 1882, leaving no will, and that no administration had been granted upon his estate at the time of the making and delivery of the note in suit, nor since ; that the plaintiffs put their claim against said Page in their attorney's hands, with instructions to try to collect the same of the defendant; that, in consequence of their attorney's letter to the defendant, she called upon the plaintiffs on November 20, 1882; and that, not having the ready money, she, at the request of the plaintiffs, gave the note in suit in payment of said debt due from her husband to the plaintiffs.

The defendant testified that, at the time of the making and delivery of the note in suit, no receipt, release, or paper of any kind, was given to her by the plaintiffs, or by any person for them.

Cyrus Carpenter, one of the plaintiffs, testified that, when the note was given, he receipted the account against Taylor Page, and gave it to the defendant; and that he took the note, at her request, in payment of the account.

The defendant asked the judge to rule as follows: " 1. This action cannot be maintained, because the note in suit was given

without consideration. 2. If the debt for which the note in suit was given was a debt due from the defendant's husband, before his death, to the plaintiffs, and the defendant's husband died intestate, and, at the time of the making and delivery of said note, no administration had been granted on his estate, no person was liable for said debt, and the note given by the defendant to the plaintiffs therefor, and for no other consideration, was without consideration ; and this action cannot be maintained."

The judge declined so to rule ; and found and ordered judgment for the plaintiffs. The defendant alleged exceptions.

*B. M. Fernald*, for the defendant.

*H. G. Allen*, for the plaintiffs.

DEVENS, J. It must be held that the Superior Court has found that the note in suit was given by the defendant in payment of her husband's debt to the plaintiffs ; that they received it as such at her request, and receipted their bill against the husband's estate. The defendant's contention is, that, as the debt was one due from her husband's estate, which the wife was not bound to pay, and as, at the time, no administration had been granted on the husband's estate, the note given by her was without consideration.

The relation in which the parties in the case at bar stood to each other establishes fully a sufficient consideration for the defendant's promise. While she was under no legal liability to pay her husband's debt, she was entitled to administration upon his estate. Pub. Sts. *c.* 130, § 1. If his debt was paid by her, and she was afterwards appointed administratrix of his estate, she would be entitled in her account to an allowance for the payment of this debt, as her appointment would relate back to the husband's decease. By giving the note in suit, she established a claim against her husband's estate, which she could readily enforce. Again, as the plaintiffs were creditors of the husband's estate, if administration thereon was refused or neglected to be taken out by the widow or next of kin, the plaintiffs would be entitled thereto. By acceptance of the note as a payment of their debt, they would necessarily be deprived of this right, and a valuable privilege would have been relinquished by them, which would also afford a good consideration for the defendant's promise.

The case of *Nelson* v. *Serle*, 4 M. & W. 795, relied on by the defendant, recognizes fully that, where the debt of a husband is paid by the note of his widow, who is entitled to administration on his estate, the consideration is sufficient. See also *Ridout* v. *Bristow*, 1 Cr. & J. 231.      *Exceptions overruled.*